## JAMES CRABTREE *et al.*

*v.*

## JOHN W. FUQUAY.

NEW TRIAL—*verdict against the evidence.* In this case the judgment was reversed on the ground that the finding of the court was against the evidence.

APPEAL from the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

The opinion states the case.

Mr. JAMES A. EADS, for the appellants.

Mr. R. N. BISHOP and Mr. JOHN SCHOLFIELD, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of replevin, brought by Fuquay, against James and John Crabtree, to recover certain cattle. The trial was by the court, and resulted in a verdict for the plaintiff. Although the record presents only a question of fact, we feel constrained to reverse the judgment, in order that there may be a fuller investigation of the merits of the case. One Russell Fuquay, in November, 1866, bought of James Crabtree, 100 fat hogs, 100 stock hogs, and a quantity of standing corn, hay and pasture. He paid $1,450, and turned into one of the fields about 65 head of cattle, which are the cattle in controversy. He took away the fat hogs, and subsequently sold the cattle to Donehue & Doty, who sold them to the plaintiff, John W. Fuquay. Russell Fuquay proved to be insolvent, and such of the stock hogs as had not died, and so much of the corn as had not been consumed, were taken back by Crabtree at a valuation, still leaving a balance due him, even upon the testimony by the plaintiff.

The question in this case is, whether, by the arrangement between Crabtree and Russell Fuquay, the former was to have a lien on the cattle turned into his fields until the purchase money due him for the hogs, corn, hay and pasture was paid. He and John D. Crabtree, the latter a disinterested witness, swear he was to retain possession until paid. Russell Fuquay swears he was not. But he can be considered as hardly less interested in the controversy than James Crabtree, and the evidence of the latter is not only supported by that of John D. Crabtree, but by the extreme probability that such an agreement would have been made, in view of the fact that Fuquay was a stranger to Crabtree, a resident of Indiana, and insolvent. His evidence is also sustained by the fact that a

66—49TH ILL.

tender was made by the attorney of the plaintiff before bring-
ing the suit, though for an insufficient amount.

In our judgment the finding of the court was against the
evidence, and we must reverse the judgment and remand the
cause for another trial.

*Judgment reversed.*